<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HUGO SANTANA, | : | Hon. Freda L. Wolfson |
| | : | |
| Petitioner, | : | Civil No. 05-2521 (FLW) |
| | : | |
| v. | : | <u>**OPINION**</u> |
| | : | |
| JOHN NASH, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

> HUGO SANTANA, #50629-004
> F.C.I. Fort Dix
> P.O. Box 7000
> Fort Dix, New Jersey  08640
> Petitioner <u>Pro</u> <u>Se</u>

**WOLFSON**, District Judge

Petitioner Hugo Santana filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence.  Having thoroughly reviewed the Petition, this Court summarily dismisses it for lack of jurisdiction.

<u>**I.  BACKGROUND**</u>

Petitioner challenges a 170-month sentence entered in the United States District Court for the Southern District of Florida on June 30, 1998, based on his guilty plea to conspiracy to possess cocaine, 21 U.S.C. § 846.  <u>See</u> <u>United States v. Santana</u>, Crim. No. 98-CR-51 (DLG), j. conv. (S.D. Fla. filed June 30, 1998).  Petitioner filed a notice of appeal which was withdrawn

without prejudice.  He filed his first motion to vacate the sentence under 28 U.S.C. § 2255 on February 25, 1999, which the sentencing court denied on March 29, 1999.  The sentencing court denied a second motion to vacate under § 2255 on September 27, 2000.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence.  The two grounds asserted in the Petition are set forth below verbatim:

> GROUND ONE:  THE PETITIONER'S SIXTH AMENDMENT RIGHTS WERE VIOLATED WHEN THE COURT SENTENCED HIM BASED UPON "RELEVANT CONDUCT/DRUG QUANTITY" WHICH WAS NOT AGREED TO WITHIN THE PLEA AGREEMENT

> GROUND TWO:  INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO CHALLENGE THE DRUG QUANTITY PURSUANT TO IN RE WINSHIP

(Pet. ¶ 10.)

As factual support for Ground One, Petitioner asserts that the sentencing court based the length of the sentence on drug quantity, which was not proved beyond a reasonable doubt or agreed to in the plea agreement.  As factual support for Ground Two, Petitioner asserts that his attorney was ineffective for failing to challenge sentencing enhancements based on facts that were not proved beyond a reasonable doubt or admitted by defendant.  (Id.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a
> court established by Act of Congress claiming
> the right to be released upon the ground that
> the sentence was imposed in violation of the
> Constitution or laws of the United States, or
> that the court was without jurisdiction to
> impose such sentence, or that the sentence
> was in excess of the maximum authorized by
> law, or is otherwise subject to collateral
> attack, may move the court which imposed the
> sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim based on a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[3]  The Third Circuit

---

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See " Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act
(continued...)

6

first determined that Dorsainvil could not raise the <u>Bailey</u> claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.[4]  However, the court held that, in this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was inadequate and ineffective.  The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the <u>Bailey</u> decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1).  If, as the Supreme Court stated in [<u>Davis v. United States</u>, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable.  In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

---

[3](...continued)
that the law does not make criminal.'"  <u>Id.</u> at 620 (1998) (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).

[4] As amended by the AEDPA, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, ¶ 8.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417
U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be
> inadequate or ineffective" so as to enable a
> second petitioner to invoke § 2241 merely
> because that petitioner is unable to meet the
> stringent gatekeeping requirements of the
> amended § 2255.  Such a holding would
> effectively eviscerate Congress's intent in
> amending § 2255.  **However, allowing someone
> in Dorsainvil's unusual position - that of a
> prisoner who had no earlier opportunity to
> challenge his conviction for a crime that an
> intervening change in substantive law may
> negate, even when the government concedes
> that such a change should be applied
> retroactively - is hardly likely to undermine
> the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[5]

------

[5] Several courts of appeals have adopted similar tests.
See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th
Cir. 2001) ("We therefore hold that the savings clause of § 2255
applies to a claim (i) that is based on a retroactively
applicable Supreme Court decision which establishes that the
petitioner may have been convicted of a nonexistent offense and
(ii) that was foreclosed by circuit law at the time when the
claim should have been raised in the petitioner's trial, appeal,
or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th
Cir. 2000) (§ 2255 is inadequate and ineffective to test the
legality of a conviction when: (1) at the time of the conviction,
settled law of the circuit or the Supreme Court established the
legality of the conviction; (2) subsequent to the prisoner's
direct appeal and first § 2255 motion, the substantive law
changed such that the conduct of which the prisoner was convicted
is deemed not to be criminal; and (3) the prisoner cannot satisfy
the gatekeeping provisions of § 2255 because the new rule is not
one of constitutional law"); Wofford v. Scott, 177 F.3d 1236,
1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a
claim when: 1) that claim is based upon a retroactively
applicable Supreme Court decision; 2) the holding of that Supreme
(continued...)

In this case, Petitioner raises two grounds.  In Ground One, he asserts that the sentence violates the Sixth Amendment because it was increased on the basis of facts that were not found by the jury or admitted by Petitioner.  The Court construes this as a claim under United States v. Booker, 543 U.S. ____, 125 S.Ct. 738 (2005).  In Ground Two, Petitioner asserts that his attorney provided ineffective assistance of counsel by failing to challenge the enhanced penalty under In re Winship because the facts increasing the penalty were not proved beyond a reasonable doubt.  It is clear that a Booker claim and an ineffective assistance of counsel claim are within the scope of claims that are cognizable under § 2255.  Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's claims unless § 2255 is inadequate or ineffective for him to raise them.

Section 2255 is not inadequate or ineffective for asserting an ineffective assistance of counsel claim because the sentencing court "could have entertained [this] claim, inquired fully into

---

[5](...continued)
Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hmnserd, 123 F.3d 922 (6th Cir. 1997).

the facts and granted the very relief the prisoner is seeking."
United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d
Cir. 1954).  This Court therefore lacks jurisdiction to entertain
Ground Two.

As to Ground One, the Supreme Court's recent Booker decision
evolved from Apprendi v. New Jersey, 530 U.S. 466 (2000).[6]  In
Apprendi, the Supreme Court determined that Apprendi had a
constitutional right to have a jury, rather than a judge, find
bias because the finding was necessary to support an enhanced
sentence under the New Jersey hate crimes law.  The Supreme Court
reversed Apprendi's sentence pursuant to the principle that,
"under the Due Process Clause of the Fifth Amendment and the
notice and jury trial guarantees of the Sixth Amendment, any fact
(other than prior conviction) that increases the maximum penalty
for a crime must be charged in an indictment, submitted to a
jury, and proven beyond a reasonable doubt."  Apprendi, 530 U.S.
at 476 (quoting Jones, 526 U.S. at 243 n.6).  In Booker, the

------

[6] The Booker Court traced the evolution of its holding from
Apprendi and its progeny, Ring v. Arizona, 536 U.S. 584 (2002),
and Blakely.  In Ring, the Court held that imposition of the
death penalty under Arizona law violated Apprendi because the
trial judge determined the presence or absence of aggravating
factors required by Arizona law for imposition of the death
penalty.  Ring, 536 U.S. at 602.  In Blakely, the Court
determined that application of Washington's sentencing guidelines
violated the defendant's rights under Apprendi because "the
'statutory maximum' for Apprendi purposes is the maximum sentence
a judge may impose *solely on the basis of the facts reflected in
the jury verdict or admitted by the defendant*."  Blakely, 124
S.Ct. at 2537 (emphasis in original).

Supreme Court determined that, for reasons explained in <u>Apprendi</u>, <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), and <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S.Ct. 2531 (2004), application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

<u>Booker</u> is a change of law that was announced after Petitioner's conviction became final and after the sentencing court denied his first § 2255 motion.  However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his <u>Booker</u> claim.

Section 2255 is not inadequate or ineffective "merely because . . . the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  <u>In re Cradle</u>, 290 F.3d at 539.  Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a <u>Booker</u> claim, even where he had no earlier opportunity to raise the claim.  <u>See</u> <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002).  As the Third Circuit reasoned in <u>Okereke</u>:

> Unlike the intervening change in law in <u>In re Dorsainvil</u> that potentially made the crime for which that petitioner was convicted non-criminal, <u>Apprendi</u> dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted,

> not criminal.  Accordingly, under our <u>In re
> Dorsainvil</u> decision, § 2255 was not
> inadequate or ineffective for Okereke to
> raise his <u>Apprendi</u> argument.

<u>Okereke</u>, 307 F.3d at 120-21.

If § 2255 is not an inadequate or ineffective procedural mechanism for a prisoner who had no other opportunity to raise an <u>Apprendi</u> claim, it follows that it is not an inadequate or ineffective vehicle for a petitioner to raise a <u>Booker</u> claim. Like <u>Apprendi</u>, <u>Booker</u> deals with sentencing and does not decriminalize the conduct for which Petitioner was convicted. Accordingly, this Court lacks jurisdiction to entertain Petitioner's <u>Booker</u> claim under § 2241.  <u>Cf.</u> <u>Okereke</u>, 307 F.3d at 120-21.

Even if this Court had jurisdiction to entertain the <u>Booker</u> claim, he could not prevail because the United States Court of Appeals for the Third Circuit recently determined that <u>Booker</u> does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date <u>Booker</u> issued.  <u>See</u> <u>Lloyd v. United States</u>, ____ F.3d ____ 2005 WL 1155220 (3d Cir. May 17, 2005); <u>see also</u> <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519 (2004) (because <u>Ring</u> is a new procedural rule, it does not apply retroactively under § 2255 to cases final on direct review)[7];

---

[7] The Supreme Court reasoned that, because <u>Ring</u> "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury (continued...)

United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003)
(Apprendi does not apply retroactively to first § 2255 motions
because "[i]ts application affects only the enhancement of a
defendant's sentence after he or she has already been convicted
by proof beyond a reasonable doubt").

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                            S/Freda L. Wolfson
                            FREDA L. WOLFSON, U.S.D.J.


Dated:    June 3    , 2005

---

[7](...continued)
rather than a judge find the essential facts bearing on
punishment," it was a "prototypical procedural rule" that did not
apply retroactively to cases already final on direct review.
Schriro, 124 S.Ct. at 2523.